# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA RIOS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CHAD E. MARTIN, in his official : | Civil Action No. 1:24-cv-1399 |
| capacity as Chief of the Hanover Borough : | |
| Police Department, and HANOVER : | |
| BOROUGH, PENNSYLVANIA, : | |
| : | |
| Defendants. : | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Respectfully submitted,

**SALZMANN HUGHES, P.C.**

Date: December 23, 2024      By:   */s/ Isaac P. Wakefield*
　　　　　　　　　　　　　　　　 Isaac P. Wakefield
　　　　　　　　　　　　　　　　 Attorney ID No. 311909
　　　　　　　　　　　　　　　　 Elizabeth L. Kramer
　　　　　　　　　　　　　　　　 Attorney ID No. 324651
　　　　　　　　　　　　　　　　 Salzmann Hughes, P.C.
　　　　　　　　　　　　　　　　 1801 Market Street, Suite 300
　　　　　　　　　　　　　　　　 Camp Hill, PA 17011
　　　　　　　　　　　　　　　　 717.234.6700 Ext. 1309
　　　　　　　　　　　　　　　　 717.249.7334 (fax)
　　　　　　　　　　　　　　　　 *Attorneys for Defendants Chad E. Martin and Hanover Borough*

I. ARGUMENT

A. **Plaintiff's As-Applied Claim in Count I Fails Because Plaintiff's First Amendment Rights Were Not Violated.**

Initially, Plaintiff asserts that Count I is not a Section 1983 First Amendment retaliation claim. Rather, Plaintiffs asserts, Count I is only an as-applied challenge to the Fortune Telling Statute. Either way, to bring this "as-applied" challenge, Plaintiff must plead this claim through the *Monell* framework and plausibly allege a constitutional deprivation as set forth at length in Defendants' original brief. Plaintiff has not done this.

Plaintiff suffered no deprivation of Plaintiffs' First Amendment rights. No tangible enforcement efforts have been taken against Plaintiff and Plaintiff has not ceased or even decreased their tarot reading activities. The Complaint reveals no impact on Plaintiff's alleged protected speech resulting from Defendants' alleged conduct. Additionally, as to *Monell*'s custom/policy pleading requirement for municipal liability, Plaintiff argues that the Borough "has an official policy of enforcing the Fortune Telling Statue." Doc. 16 at p. 20. But the Complaint fails to identify a single instance where the Borough enforced the Fortune Telling Statute against anyone, let alone in an unconstitutional manner.

Plaintiff argues that Defendant Martin's conversation with Plaintiff on or around October 5, 2023, amounts to an instance of the Borough enforcing the Fortune Telling Statute against Plaintiff through a final policymaker. But, as set forth

in Defendant's original brief, Plaintiff has not been subjected to investigation, arrest, and/or prosecution due to or in conjunction with that conversation. Further, Plaintiff's attempt to classify Defendant Martin's alleged statement to Plaintiff on October 5, 2023, as Borough policy fails. As acknowledged in the Complaint, the Borough did not ratify or acquiesce to Plaintiff's understanding of the interaction. Instead, the Borough clarified that it could only *not* confirm that "it will not enforce the Fortune Telling Statute if it receives credible information that [Plaintiff] has violated the Statute" at an undetermined point in the future. Doc. 1 at ¶ 56. Because Plaintiff's current performance of tarot readings coupled with disclaimers does not violate the Fortune Telling Statute, no threat of prosecution exists.

Beyond Plaintiff's failure to plead that they suffered a constitutional violation resulting from Borough policy or custom, Plaintiff ignores that they failed to plead *Monell's* deliberate indifference requirement. *Beck v. Pitt.*, 89 F.3d 966, 972 (3d Cir. 1996). In this regard, the Complaint identifies no prior violations caused by the alleged policy. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

For the reasons set forth in Defendants' original brief and those set forth above, Plaintiff fails to plausibly plead an as-applied claim in Count I of the Complaint.

    **B. <u>Count III Fails to the Extent It Seeks Redress for a Substantive Due Process Violation</u>**

To the extent Count III of the Complaint seeks redress against Defendants for substantive due process violations instead of a facial challenge to the Fortune Telling Statute,[1] Count III fails. Plaintiff failed to plausibly plead a violation of their substantive due process rights and failed to plead that violation through the *Monell* framework as set forth at length in Defendants' original brief.

C. **Plaintiff Fails to Articulate How Their Facial Challenges Contained in Counts II, III, and Count IV is properly raised against Defendants**

Plaintiff asserts that their facial challenge is properly brought against Defendants in this case under *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993), in which the court concluded that a "plaintiff challenging the validity of a state statute may bring suit against the official who is charged with the statute's enforcement only if the official has either enforced, or threatened to enforce, the statute against the plaintiffs." *1st Westco Corp.*, 6 F.3d at 113 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1209 n. 9 (3d Cir.1988)). The court further held that "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* (citing *Rode*, 845 F.2d at 1208).

Particular to the facts presented in *1st Westco Corp.*, the Third Circuit found that a contractor's facial challenge to a state statute concerning residency

---

[1] Unfortunately, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss does not provide clarity on what redress is specifically being sought in Count III of the Complaint.

4

requirements for contractors performing work on behalf of school districts was properly raised against the Philadelphia School District, not officials of the Commonwealth. *Id.* at 111. The court reasoned that the officials of the Commonwealth were not proper parties because there was no evidence of actual or threatened enforcement from those Commonwealth officials, whereas the Philadelphia School District had enforced the questioned statute against the contractor by informing the contractor to cease work. *Id.* at 111, 114-115. Further, as a first class school district, the Philadelphia School District had the exclusive right to enforce the statute with no oversight from the Secretary of Education. *Id.* at 112-114

Although *1st Westco Corp*. suggests that a plaintiff can bring a facial challenge to a state law against local government defendants who have the power to enforce the questioned statute, this case does not save Plaintiff's claims. Unlike the school district in *1st Westco Corp*., none of the Defendants here have enforced the challenged statute against Plaintiff. At most, the Borough has indicated that it could not commit to never enforcing the Fortune Telling Statute in the future if there was credible evidence that it had been violated. Here, there is no credible evidence that Plaintiff violated the Fortune Telling Statute because under their own allegations, their conduct amounts to doing tarot readings with disclaimers. This is not fraudulent. Accordingly, in over a year since the conversation with Defendant

5

Martin occurred, at no time has Plaintiff been subjected to any enforcement efforts. Plaintiff has not faced a criminal investigation, criminal charges, and/or prosecution. And Plaintiff has not and cannot allege that there is any threat of enforcement because again, their conduct ostensibly does not violate the Fortune Telling Statute.

Further, unlike the school district in *1ˢᵗ Westco Corp.*, the Defendants do not have the exclusive right to enforce the Fortune Telling Statute. Instead, it is not clear that the Borough has any obligation or right to enforce the statute and this action is only against the Borough. Admittedly, municipal police officers have "the power and authority to enforce the laws of this Commonwealth … as to …[a]ny offense which the officer views or otherwise has probable cause to believe was committed within his jurisdiction." 42 Pa.C.S.A. § 8952(1). But this power is not exclusive because county district attorneys and the Attorney General of Pennsylvania have similar and greater powers to enforce the Commonwealth's criminal statutes. *See* 16 Pa.C.S.A. § 14302 (county district attorney's right to prosecute violations of Pennsylvania's criminal statutes); *see also* 71 P.S. § 732-205 (Attorney General's authority to prosecute violations of Pennsylvania's criminal statutes). Further, a municipal police officer's authority is in any event tempered by the county district attorney's oversight and discretion as to which criminal charges are prosecuted. *See* 16 Pa. C.S.A. § 14302. For the reasons set forth in Defendants' original brief and

6

those herein, Defendants maintain that they are not the appropriate defendants to the present facial challenge.

And contrary to Plaintiff's argument, Plaintiff did not comply with Federal Rule of Civil Procedure 5.1(a)(1)(B) because aside from attaching the prior notices to their Brief in Opposition, Plaintiff had not *promptly filed* the notices with this Court. *See* Fed. R. Civ. P. 5.1(a)(1)(B) ("***file*** a notice of constitutional question stating the question and identifying the paper that raises it, if … a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity") (emphasis added).

### D. Alternatively, Plaintiff's Facial Challenge Fails.

To the extent Plaintiff can bring their facial challenges against Defendants, the claims fail because the Fortune Telling Statute does not offend the First Amendment on its face, is not impermissibly vague, and does not offend the Fourteenth Amendment on its face. As to the First Amendment facial challenge, the Fortune Telling Statute is not an impermissible content-based regulation. Plaintiff argues that the Fortune Telling Statute is an unlawful content-based law because it regulates speech based on its subject matter. Plaintiff bases this conclusion on *Eclipse Enterprises, Inc. v. Gulotta*, 134 F.3d 63 (2d Cir. 1997). Plaintiff's position is flawed for various reasons.

Initially, Plaintiff engages in false equivalence and an oversimplification of Fortune Telling Statute's text and the activity it seeks to regulate. On its face, the Fortune Telling Statute does not impermissibly prohibit speech based on its content. Rather it targets unprotected speech—fraud and speech integral to criminal conduct. This is significant because the First Amendment permits content-based restrictions "in a few limited areas" of recognized unprotected speech categories. *United States v. Stevens*, 559 U.S. 460, 468–69 (2010) (quoting *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-383 (1992)); (citing *Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc*., 425 U.S. 748, 771 (1976) (fraud is unprotected speech)); (citing *Giboney v. Empire Storage & Ice Co*., 336 U.S. 490, 498 (1949) (speech integral to criminal conduct is unprotected)).

And despite Plaintiff's arguments to the contrary, interpreting the Fortune Telling Statute as prohibiting only deceptive activities in exchange for money is entirely consistent with the text of the statute and its historical application. As to the statute's text, as Plaintiff acknowledges, Merriam-Webster's Dictionary first defines "pretend" as "to give false appearance of being, possessing, or performing." Doc. 16 at fn. 4. This conforms to the fact that the Fortune Telling Statute seeks to prohibit fraudulent conduct.

Moreover, the Fortune Telling Statute does not simply outlaw the act of pretending to tell fortunes or predict future events for gain. Instead, the following conduct all falls under the statue's prohibition:

- Pretend for gain or lucre to tell fortunes or predict future events through cards, coins, inspection of head or hand, age, consulting heavenly bodies, or other manners.

- Pretend to effect any purpose by:

    o  Spells, charms, necromancy, or incantation;

    o Advising the taking of love powders or potions;

    o Prepares love powders/potions to be taken or administered; or

    o Publishing by card, circular, sign, newspaper, or other means that he can predict future events.

- Pretend for gain or lucre to enable anyone to:

    o Get or to recover stolen property;

    o To tell where lost property is;

    o To stop bad luck;

    o To give good luck;

    o Put bad luck on a person or animal;

    o To stop or injure the business or health of a person or to shorten his life;

    o To give success in business, enterprise, speculation, and games of chance;

- o To win the affection of a person;
- o To make one person marry another;
- o To induce a person to make or alter a will;
- o To tell where money or other property is hidden;
- o To tell where to dig for treasure; or
- o To make a person dispose of property in favor of another.

*See* 18 Pa.C.S.A. § 7104. When considering the totality of the conduct prohibited by the law's text, it is evident that the statute is singularly focused on preventing consumers from being tricked. Therefore, the Fortune Telling Statute on its face would not prohibit these functions when done solely for the entertainment of an audience or a customer as suggested by Plaintiff.

Moreover, in practice, the Fortune Telling Statute has been invoked only against individuals where it was believed that the fortune telling activities were done for gain to deceive unsuspecting victims. Specifically, in *Com. v. Viscount*, 179 A. 858 (Pa. Super. 1935), the Pennsylvania Superior Court affirmed a conviction under the Fortune Telling Statute[2] of an individual who pretended for monetary gain that she could remove a deadly curse from an unsuspecting victim. Similarly, in her article for the Pennsylvania Bar Association's publication, Attorney Emeline L. K.

---

[2]  This case refers to the Fortune Telling Statute under its previous title, 19 P.S. § 431.

Diener details more recent instances where charges have been brought against individuals.[3] In the instances discussed, the crux of the offending conduct was fraud. *Id*.[4] Further, Attorney Craig R. Shagin classified the Fortune Telling statute as "a mere consumer-protection violation" in his article for the Pennsylvania Bar Association's publication.[5]

Notably, the Pennsylvania Superior Court overturned a conviction under the Fortune Telling Statute,[6] where there was not sufficient evidence to establish that an individual providing healing services in exchange for compensation was not sincere in his beliefs. *See Com. v. Blair*, 92 Pa. Super. 169, 171 (Pa. Super. 1927). Therefore, the Fortune Telling Statute is aimed at knowing deceit instead of actions performed by true believers.

Second, Plaintiff's reliance on *Eclipse* is misplaced and their representations concerning the facts of that matter are incorrect. The ordinance at issue in *Eclipse* is not analogous to the Fortune Telling Statute and *Eclipse* **did not** involve a regulation

---

[3] Emeline E. K. Diener, *Fines and Portents: Pennsylvania's Criminalization of Fortune-Telling and Magical Rituals*, Pa. Law., November/December 2020, at 22, 30 (Attached as Exhibit A).

[4] Article details cases from 2015 in Eastern Pennsylvania where individuals were charged with violating the Fortune Telling Statute for fraudulent conduct.

[5] Craig R. Shagin, *The "Fame' of A Witch Before Salem, There Was A Witchcraft Trial in Philadelphia the Curious Case of Margaret Mattson and Yeshro Hendrickson*, Pa. Law., September/October 2016, at 47, 51 (Attached as Exhibit B).

[6] *See* fn. 2.

prohibiting the sale of tarot cards.[7] Instead, the Second Circuit affirmed the finding that an ordinance prohibiting the sale of trading cards that depict a "heinous crime, an element of a heinous crime, or a heinous criminal" to minors was a content-based regulation. *Eclipse*, 134 F.3d at 67. Key to the court's reasoning in *Eclipse* was a finding that the speech being regulated was protected because "depictions of violence" do not fall into a recognized category of unprotected speech. *Id*. at 66. This is different than the unprotected fraud targeted by the Fortune Telling Statute.

Plaintiff's facial challenge further fails because the Fortune Telling Statute is not unconstitutionally vague. Plaintiff attempts to manufacture vagueness in the law related to the term "pretend" as explained in Defendants' original brief. In their brief in opposition, Plaintiff does not contend with Defendants' argument that the Fortune Telling Statute does provide fair notice of its prohibitions to people of ordinary intelligence and there is not a threat of arbitrary enforcement.

Instead, Plaintiff simply contrives hypothetical situations that do not further their position. Even still, all of the hypothetical situations would not violate the statute. That fact should be evident to an individual of ordinary intelligence. Specifically, in the instance of the tarot cards at the Halloween party and the fortune telling activities at a school fundraiser, these would not violate the statute because Plaintiff does not state that these are not in exchange for money. Therefore, inquiry

---

[7] The Fortune Telling Statute does not prohibit the sale of tarot cards.

as to the state of mind as to individual performing the activities does not even need to be reached. Similarly, fortune cookies are traditionally provided for free. Also, magic eight balls are marketed as a toy for children providing entertainment, not as a mystical orb with the power to tell fortunes. And the idea that sports betting and meteorologist's weather predictions could fall under the Fortune Telling Statute's purview is absurd because lawful sports betting activities come with extensive disclaimers and associated regulations. Also, meteorologist's predictions are never framed as 100% accurate and are based on established scientific analysis within the field of meteorology.

Additionally, Plaintiff continues to assert that the Fortune Telling Statute does not provide proper notice and is unconstitutionally vague because Plaintiff claims confusion over whose and what kind of subjective beliefs would qualify as violating the law. As set forth in Defendants' original brief, it is clear that the Fortune Telling Statute is concerned only with prohibiting knowingly deceitful conduct on behalf of the individual pretending to be able to predict the future for gain. This is further supported by Pennsylvania appellate court's application of the Fortune Telling Statute. *See Com. v. Blair*, 92 Pa. Super. 169, 171 (1927).

Finally, Plaintiff's substantive due process facial challenge fails because the Fortune Telling Statute does not violate substantive due process rights on its face. Instead, as set forth in Defendants' original brief and throughout this brief, it targets deceitful criminal conduct, not individuals seeking to earn a living through fortune telling activities when the individual in question either genuinely believes their abilities or when the individual performs these activities for entertainment and/or with disclaimers.

## II.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

**SALZMANN HUGHES, P.C.**

Date: December 23, 2024         By:   */s/ Elizabeth L. Kramer*
Isaac P. Wakefield
Attorney I.D. No. 311909
Elizabeth Kramer
Attorney I.D. No. 324651
Salzmann Hughes, P.C.
1801 Market Street, Suite 300
Camp Hill, PA 17011
Telephone: (717) 234-6700
iwakefield@salzmannhughes.com
ekramer@salzmannhughes.com
*Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I certify that this brief complies with this Court's word limit set forth in L.R. 7.8(b). This brief contains 2,800 words. Undersigned counsel relied on the word count feature of the word-processing system used to prepare this brief.

/s/ Elizabeth L. Kramer
Elizabeth L. Kramer

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2024, the foregoing document was electronically filed with the Clerk of the United States District Court for the Middle District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of record.

By:  */s/ Elizabeth L. Kramer*