**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Rebecca Rios, | |
| Plaintiff, | No. 1:24-cv-1399 |
| v. | Judge Neary |
| Chad E. Martin and Hanover Borough, Pennsylvania, | Electronically Filed Document |
| Defendants. | |

**THE ATTORNEY GENERAL OF PENNSYLVANIA'S
BRIEF IN SUPPORT OF HIS MOTION TO INTERVENE**

The Attorney General of Pennsylvania files this brief in support of his Motion

to Intervene.

**I.      Statement of Facts**

Plaintiff Rios allegedly operates a business in Hanover, Pennsylvania, that

allegedly "provid[es] tarot card readings." ECF No. 1 ¶ 7. These "readings" are

allegedly the business's "primary source of income." *Id.* ¶ 20.

Defendants have allegedly threatened to prosecute Rios for these "readings"

under 18 Pa. C.S. § 7104(a) (the "Fortune-Telling Statute"), which makes it a crime

1

to, *inter alia*, "pretend[] for gain or lucre[] to tell fortunes or predict future events[.]"[1] ECF No. 1 ¶¶ 44–59.

## II.    Procedural History

Rios commenced this action on August 19, 2024, by filing the Complaint. ECF No. 1. That pleading is the operative one, and contains four counts:

- Count I argues that the Fortune-Telling Statute on its face violates the First Amendment's Free Speech Clause;

- Count II argues that applying the Fortune-Telling Statute to Rios's "tarot card readings" violates the First Amendment's Free Speech Clause;

- Count III argues that the Fortune-Telling Statute irrationally prohibits Rios from charging for the "tarot card readings," in violation of the Fourteenth Amendment's Due Process Clause; and

- Count IV argues that the Fortune-Telling Statute is unconstitutionally vague.

On October 21, 2024, Defendants moved to dismiss that Complaint in its entirety. ECF Nos. 10. That motion is fully briefed, but remains pending. *See* ECF Nos. 11, 16, 26.

On February 4, 2025, Rios filed a Notice of Constitutional Challenge under Fed. R. Civ. P. 5.1(a)(1) that indicated that the constitutionality of 18 Pa. C.S. § 7104

---

[1]    The statute criminalizes other conduct, but the Attorney General understands that Rios is challenging only the statute's prohibition on "tell[ing] fortunes or predict[ing] future events." In any event, the Attorney General reserves the right to defend any or all provisions of the Fortune-Telling Statute.

was being challenged. The Commonwealth of Pennsylvania now moves to intervene pursuant to Fed. R. Civ. P. 5.1(c).

## III.    Questions Presented

Whether the Attorney General of Pennsylvania should be permitted to intervene in this action. *Suggested Answer: Yes.*

## IV.    Argument

Congress has indicated that, in "any" federal action "wherein the constitutionality of [a State statute] affecting the public interest is drawn in[to] question," that "State . . . shall [be] permit[ted] to intervene for presentation of evidence . . . and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). Once admitted, the State "shall . . . have all the rights of a party . . . to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." *Id.*

This Congressional command is reflected in Federal Rule of Civil Procedure 5.1(c), which states that a State's "attorney general may intervene" in any federal action where a filed "pleading, written motion, or other paper draw[s] into question the constitutionality of . . . [that] state['s] statute[.]" *Cf. United States v. Stuler*, 2018 WL 11587725, at *1 (W.D. Pa. Feb. 13, 2018) ("Rule 5.1 implements 28 U.S.C. § 2403."); *see also OpenPittsburgh.org v. Wolosik*, 2016 WL 7985286, at *1 (W.D.

Pa. Aug. 9, 2016) (granting the Attorney General of Pennsylvania's motion to intervene).

As explained above, Rios's Complaint challenges the facial and as-applied validity of Pennsylvania's Fortune-Telling Statute under various provisions of the United States Constitution. So, under Fed. R. Civ. P. 5.1(c), the Pennsylvania Attorney General is permitted to intervene to defend the constitutional validity of that statute. *Cf. Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, 2025 WL 289230, at *1 (3d Cir. Jan. 24, 2025) (the United States was permitted to intervene to defend the constitutionally of a federal statute that was subject to facial and as-applied challenges under the First Amendment).

And this Motion to Intervene is timely. Fed. R. Civ. P. 5.1(c) states that intervention may occur "within 60 days after the notice is filed or after the court certifies the challenges, whichever is earlier." It does not appear that the Court has yet issued an order certifying Rios's constitutional challenge to the Fortune-Telling Statute. But as noted above, Rios's Notice was filed on February 4, 2025—i.e., less than 60 days before the filing of this motion.

## V.    Conclusion

For those reasons, this Court should grant the Attorney General of Pennsylvania's Motion to Intervene.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:  */s/ Jacob Frasch*
Jacob Frasch

Office of Attorney General       Deputy Attorney General
15th Floor, Strawberry Square    Attorney ID PA No. 328362
Harrisburg, PA 17120
(717) 783-7560                   Nicole R. DiTomo
jfrasch@attorneygeneral.gov      Chief Deputy Attorney General
                                 Civil Litigation Section

Date: April 2, 2025              Counsel for the Attorney General of
                                 Pennsylvania

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of April, 2025, the foregoing document was electronically filed with the Clerk of the United States District Court for the Middle District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jacob Frasch*
Jacob Frasch
Deputy Attorney General