IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rebecca Rios,<br><br>       Plaintiff,<br><br>  v.<br><br>Chad E. Martin and Hanover Borough, Pennsylvania,<br><br>       Defendants. | No. 1:24-cv-1399<br><br>Judge Wilson<br><br>Electronically Filed Document |

**THE ATTORNEY GENERAL OF PENNSYLVANIA'S REPLY
BRIEF IN FURTHER SUPPORT OF HIS MOTION TO INTERVENE**

  The Attorney General of Pennsylvania files this reply brief in further support of his Motion to Intervene, ECF No. 31.

  A. The Attorney General's motion is timely.

  In his Opening Brief, the Attorney General explained that his Motion to Intervene was timely because it was filed within 60 days after Rios filed the "Notice of Constitutional Challenge" on February 4, 2025. ECF No. 28; *cf.* Fed. R. Civ. P. 5.1(c).

  In the Opposition Brief, Rios does not dispute that 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(c) permit the Attorney General's intervention in this type of case. Instead, Rios argues that the Attorney General's motion is untimely because it was filed more than 60 days after the Attorney General was initially notified of this

1

lawsuit via email in August 2024, and more than 60 days after that email was attached as an exhibit to another filing in December 2024. ECF No. 36 at 2–4.

Rios is wrong on both counts.

Regarding the email, the 60-day intervention clock begins **either** when "the notice [of constitutional challenge] is filed **or** after the court certifies the challenge, whichever is earlier." Fed. R. Civ. P. 5.1(c) (emphasis added). That's it. Neither Rule 5.1(c), Section 2403(b), nor any other legal authority known to undersigned counsel (or identified by Rios's counsel) indicates that the mere sending of an email can, may, or should act as an additional, third triggering event.[1]

And regarding the exhibit, ECF No. 16 at 30–32, this Court has already determined that that filing **did not** satisfy Fed. R. Civ. P. 5.1(a). *See* ECF No. 27 (January 30, 2025 Order) at 2 ("[A] review of the docket [indicates] that Rios has not fulfilled Rule 5.1's notice requirement").[2] Rios, in fact, subsequently agreed with

---

[1] The Court should also note that, on December 12, 2024 (i.e., more than 60 days after the August 2024 was sent), Rios conceded that "the Commonwealth of Pennsylvania **has the right to intervene** in this matter . . . ." ECF No. 19 at 3 (emphasis added).

[2] In the Opposition Brief, Rios make an especial effort to explain that the District Judge who issued this Order was "the former Executive Deputy Attorney General for the Civil Law Division of the OAG[.]" ECF No. 36 at 3.

It is unclear whether Rios is suggesting that that District Judge was improperly influenced when making the above-referenced finding. *But see* Pa. R.P.C. 8.2(a) ("A

that assessment. ECF No. 29 (February 4, 2025 Joint Status Report) at 2 ("[T]he ***parties agree*** that . . . Rios ***did not*** file a separate 'notice of constitutional question' with this Court on the docket" until February 4, 2025. (emphasis added)).

Rios's untimeliness arguments are therefore unmeritorious.[3]

B.      Rule 24(b) is inapplicable.

Rios next argues that the Court can—and should—deny the Attorney General's motion under Rule 24(b). ECF No. 36 at 4–5.

Rios is again wrong.

Rule 24(b) applies if a party is, *inter alia*, given a "***conditional*** right to intervene by a federal statute." Fed. R. Civ. P. 24(b)(1)(A) (emphasis added). But the right to intervene conferred on the Attorney General by Section 2403(b) is not "conditional"—it is unconditional. *See* 28 U.S.C. § 2403(b) ("In ***any*** action . . . wherein the constitutionality of [a State] statute . . . is drawn in question, the court

---

lawyer shall not make a statement . . . with reckless disregard as to its truth or falsity concerning the . . . integrity of a judge . . . .").

But if Rios is attempting to argue that the Attorney General's decision to intervene was motivated in any way by the reassignment of the matter to that District Judge, the Court can judicially notice that that District Judge recused herself ***less than three hours*** after the Motion to Intervene was filed.

[3]   For that reason, the Attorney General need not show "good cause" under Fed. R. Civ. P. 6(b)(1). Note, however, that Rule 5.1(c) permits the Court to "set[] a later time" by which the Attorney General, must intervene, and does not indicate that "good cause" is needed when setting that "later time."

3

. . . *shall* permit the State to intervene . . . ." (emphasis added)); *cf.* Wright & Miller, Fed. Prac. & Proc. Civ. § 1906 ("Under . . . Section 2403, states are given a[n] . . . ***unconditional*** right to intervene in actions challenging the constitutionality of state statutes." (emphasis added)).

Rule 24(b) is therefore inapplicable.[4, 5]

---

[4] For that reason, the Court can ignore Rios's repeated arguments about how intervention "would derail the case schedule and [cause] prejudice" under Rule 24(b)(3). ECF No. 36 at 4.

Anyway, Rios's assertions of "undue delay" cannot be taken seriously. There are still ***more than eight months*** left in discovery, and the dispositive-motion deadline is still ***almost a year*** away. *See* ECF No. 35 (setting a discovery end-date of December 31, 2025, and a dispositive-motion deadline of April 3, 2026).

Further, it is undersigned counsel's understanding that Rios has served ***not a single*** discovery request in this case to date, despite the fact that it has been ***four months*** since the Court conducted the Rule 16 conference and issued a Case Management Order setting a discovery end-date. ECF No. 23.

In any event, the Third Circuit has suggested that it is practically ***never*** too late to hear the Attorney General's views regarding the constitutionality of a Pennsylvania statute. *See Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, 2025 WL 289230, at *1 & n.3 (3d Cir. Jan. 24, 2025) (permitting the government to intervene and defend the constitutionality of a statute for the first time on appeal, ***after*** all other briefing was complete).

[5] Also for that reason, the Court can ignore Rios's cite to *Hoots v. Pennsylvania*, 672 F.2d 1133 (3d Cir. 1982), which was interpreting Rule 24(b), not Rule 5.1.

As an aside, Rios cites this case for the proposition "that [a] court may deny intervention but still allow participation via amicus curiae[.]" ECF No. 36 at 4–5. But this purported holding is conjured out of thin air. *Hoots* did not involve a constitutional challenge to a statute or a motion to intervene by a government entity or its attorney general. Further, the words "amicus curiae" do not appear in *Hoots*, and *Hoots* does not otherwise suggest that a Court can deny otherwise-permitted invention by giving the party an alternative vehicle to express its views.

C.     Rule 24(a)(2) is also inapplicable.

Rios next argues that the Court can—and should—deny intervention "because the Commonwealth's interest is already adequately represented" by the existing Defendants. ECF No. 36 at 5. Although Rios does not come right out and say it, this is nothing more than an argument that intervention can—and should—be denied under Rule 24(a)(2). *See* Fed. R. Civ. P. 24(a)(2) (noting that a court can deny intervention if "existing parties adequately represent [its] interest").

Rios is again wrong.

Rule 24(a) applies in two circumstances: (1) when a party "is given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1); and (2) when a party "claim an interest relating to the property or transaction that is the subject of the action," etc., Fed. R. Civ. P. 24(a)(2). But the adequacy-of-representation exception applies *only* to intervention under Fed. R. Civ. P. 24(a)(2). And as noted above, the Attorney General has an "unconditional right to intervene" in this action under 28 U.S.C. § 2403(b), and thus under Rule 24(a)(1). The adequacy-of-representation exception of Rule 24(a)(2) is thus inapplicable.[6]

---

[6] For that reason, this Court can ignore Rios's cites to *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972), and *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174 (3d Cir. 1994), ECF No. 36 at 5, both of which deal *only* with Rule 24(a)(2), and *not* Rule 24(a)(1). *See Trbovich*, 404 U.S. at 538; *Alcan Aluminum*, 25 F.3d at 1180 n.7.

## V. Conclusion

For those reasons, this Court should grant the Attorney General of Pennsylvania's Motion to Intervene.

                                            Respectfully submitted,

                                            DAVID W. SUNDAY, JR.
                                            Attorney General

                               By:   */s/ Jacob Frasch*
                                            Jacob Frasch

Office of Attorney General          Deputy Attorney General
15th Floor, Strawberry Square     Attorney ID PA No. 328362
Harrisburg, PA 17120
(717) 783-7560                          Nicole R. DiTomo
jfrasch@attorneygeneral.gov       Chief Deputy Attorney General
                                            Civil Litigation Section

Date: April 17, 2025                      Counsel for the Attorney General of Pennsylvania

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 4.2, I certify that a true and correct copy of the foregoing was served on the following individuals via the indicated means on April 17, 2025:

VIA ELECTRONIC FILING

Alexa L. Gervasi, Esquire
Cobb & Johns PLLC
13341 W US Hwy 290, Building 2
Austin, TX 78737
alexa@cobbjohns.com
*Counsel for Plaintiff*

Elizabeth Kramer, Esquire
Isaac P Wakefield, Esquire
Salzmann Hughes, P.C.
1801 Market Street, Suite 300
Camp Hill, PA 17011
EKramer@salzmannhughes.com
iwakefield@salzmannhughes.com
*Counsel for Defendants*

VIA U.S. MAIL

Turahn L. Jenkins, Esquire
Kraus Jenkins PLLC
428 Boulevard of the Allies
Suite 700
Pittsburgh, PA 15219
*Counsel for Plaintiff*

*/s/ Jacob Frasch*
Jacob Frasch
Deputy Attorney General