**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Rebecca Rios, | |
| Plaintiff, | No. 1:24-cv-1399 |
| v. | Judge Jennifer P. Wilson |
| Chat E. Martin, *et al.*, | Electronically Filed Document |
| Defendants. | |

**BRIEF IN SUPPORT OF THE ATTORNEY GENERAL'S MOTION
TO PARTIALLY DISMISS THE FIRST AMENDED COMPLAINT**

Intervenor the Attorney General of Pennsylvania files this brief in support of his Motion to Partially Dismiss the First Amended Complaint.[1]

## I.    Background

Rios allegedly operates a business in Hanover, Pennsylvania, that provides tarot card readings. Defendant Martin has allegedly threatened to prosecute Rios for those readings under 18 Pa. C.S. § 7104(a), which makes it a crime to, *inter alia*, "pretend[] for gain or lucre[] to tell fortunes or predict future events[.]"

---

[1]   The Attorney General respectfully requests oral argument on this motion. *See* Local Rule 7.9.

1

## II.   Procedural History

Rios commenced this action on August 19, 2024, by filing the Complaint. ECF No. 1. That pleading asserted that the Fortune-Telling Statute violates the First Amendment and the Due Process Clause.

On June 16, 2025, the Attorney General filed a Motion to Dismiss, arguing that the Fortune-Telling Statute should be interpreted as prohibiting only fraud. ECF Nos. 42 & 43. On August 28, 2025, this Court rejected the Attorney General's argument regarding the interpretation of the Fortune-Telling Statute and denied his Motion to Dismiss. ECF Nos. 48 & 49.

On October 20, 2025, Rios filed the First Amended Complaint. ECF No. 58. The Attorney General now moves the Court to dismiss[2] Counts II, IV, and V from that First Amended Complaint.[3]

---

[2]   The Attorney General is moving to dismiss—and not for reconsideration of this Court's August 28, 2025 order—because Rios's Amended Complaint "render[ed] the original [Complaint] a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). *But see infra* note 4 regarding the standard of review.

[3]   In his Brief in Support of His Motion to Dismiss, the Attorney General assumed that Rios was bringing both facial and as-applied challenges under the First Amendment and the Due Process Clause, and noted that he was moving to dismiss the facial challenges. ECF No. 43 at 2–3 & n.1. When ruling on his Motion to Dismiss, the Court interpreted Rios's Complaint as raising only an as-applied challenge under the Due Process Clause. ECF No. 48 at 11 n.5. Rios's Amended Complaint now explicitly raises a facial challenge under the Due Process Clause. ECF No. 58 ¶¶ 133–43. No matter, the Attorney General's argument remains the same—namely, that the Fortune-Telling Statute should be interpreted as prohibiting

### III.    Question Presented

1.    Whether the Court clearly erred[4] when it neglected to "predict" how the Pennsylvania Supreme Court would interpret the Fortune-Telling Statute?

*Suggested Answer: Yes.*

### IV.    Argument

In his first Motion to Dismiss, the Attorney General argued that, to avoid constitutional difficulties, the Fortune-Telling Statute should be interpreted as prohibiting only fraudulent conduct. The Court rejected that argument. But, respectfully, the Court made a clear error of law when reaching that conclusion.

Specifically, the Court overlooked the fact that it was required to "predict how the Pennsylvania Supreme Court would interpret" the Fortune-Telling Statute "if presented with th[is] case." *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000). Indeed, its opinion does not cite even a single Pennsylvania Supreme Court case. That oversight caused the Court to neglect longstanding interpretative

---

only fraud, and that such an interpretation disposes of all facial constitutional challenges. *See* ECF No. 43 at 3–15.

4    "The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003). That doctrine may cover this Court's August 28, 2025 ruling that the Fortune-Telling Statute should not be interpreted as prohibiting only fraud. If it does, the law-of-the-case doctrine allows the Attorney General to challenge that ruling as "clearly erroneous." *Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.*, 42 F.4th 174, 181 (3d Cir. 2022).

principles used by the Pennsylvania Supreme Court, which principles would have caused the Court to interpret the Fortune-Telling Statute as prohibiting only fraud.

> 1.   The Fortune-Telling Statute can reasonably be interpreted as prohibiting only fraud, and thus this Court must construe it that way to avoid constitutional infirmity.

When denying the Attorney General's motion, the Court relied on the fact that the word "pretend" could be defined as including non-deceptive conduct. ECF No. 48 at 23. But the Court also recognized that the word "pretend" could ***"[s]urely"*** be defined as encompassing "actions done with fraudulent intent." *Id.* (emphasis added) (citing contemporaneous dictionaries defining "pretend" as done "for the purpose of deceiving").

These dueling definitions, as a matter of law, would cause the Pennsylvania Supreme Court to conclude that the term "pretend" is ambiguous. *See Snyder Bros., Inc. v. Pennsylvania Pub. Util. Comm'n*, 650 Pa. 49, 77 (2018) ("If a statutory term . . . has at least two ***reasonable*** interpretations, then the term is ambiguous." (emphasis added)); *see also Com. v. Giulian*, 636 Pa. 207, 217 (2016) ("When the parties read a statute in two different ways and the statutory language is ***reasonably*** capable of either construction, the language is ambiguous." (emphasis added)); *cf. Commonwealth v. McCoy*, 599 Pa. 599, 612 (2009) (noting that a statute is "unambiguous" only when one "party's argument [regarding its meaning] is . . . weak or implausible").

That ambiguity, in turn, would cause the Pennsylvania Supreme Court to construe the statute as prohibiting only fraud. *See Commonwealth v. Herman*, 639 Pa. 466, 495 (2017) ("Under the canon of constitutional avoidance, if a statute is susceptible of two reasonable constructions, one of which would raise constitutional difficulties and the other of which would not, we adopt the latter construction."); *see also* 1 Pa. C.S. § 1922(3) (codifying the presumption that "the General Assembly does not intend to violate the Constitution").[5]

> 2.    The Fortune Telling Statute's ambiguity requires the Court to consider the law's purpose.

By the same token, these dueling definitions also show that the "words of the [Fortune-Telling Statute] are not explicit." 1 Pa. C.S. § 1921(c); *see McGrath v. Bureau of Pro. & Occupational Affs., State Bd. of Nursing*, 643 Pa. 281, 290 n.8 (2017) ("[T]he 'not-explicit' prerequisite [of 1 Pa. C.S. § 1921(c)] applies where . . . *any* reading of the statute's plain text raises non-trivial interpretative difficulties." (emphasis in original)). Thus this Court was required to consider, *inter alia*, "[t]he occasion and necessity for the statute." 1 Pa. C.S. § 1921(c)(1).

---

[5]    Pennsylvania has a Statutory Construction Act, 1 Pa. C.S. § 1501 *et seq.*, in which the General Assembly has codified rules for interpreting its enactments. The Pennsylvania Supreme Court is "govern[ed]" by these rules when interpreting Pennsylvania law. *United Cerebral Palsy v. W.C.A.B. (Emph)*, 543 Pa. 544, 554 (1996); *see also Commonwealth v. Hardy*, 337 A.3d 385, 404 (Pa. 2025) ("In interpreting legislative enactments, we are guided by the Statutory Construction Act.").

In his Opening Brief, the Attorney General noted that the Fortune-Telling Statute was "designed to protect the ignorant, superstitious, and credulous." *Commonwealth v. Viscount*, 118 Pa. Super. 595, 605 (1935). The Court believed this "pronouncement" from *Viscount* was irrelevant. ECF No. 48 at 27. But as the Court's own opinion reveals, the word "pretend" at least "raises non-trivial interpretative difficulties." *McGrath*, 643 Pa. at 290 n.8. So this Court was required to consider the purpose announced in *Viscount*.

    3.    <u>The context of the word "pretend" in the Fortune Telling Statute demonstrates that it was intended to refer to fraudulent practices.</u>

The Court also appears to have overlooked the Pennsylvania Supreme Court's warning against "interpret[ing] statutory words in isolation," and its instruction that words must be "read . . . with reference to the context in which they appear." *A.S. v. Pennsylvania State Police*, 636 Pa. 403, 419 (2016). Even if the word "pretend" could be defined as encompassing non-deceptive conduct,[6] the General Assembly

---

[6] Respectfully, in its opinion, the Court appears to have focused on secondary definitions of "pretend." For example, its opinion first notes that Webster's 1860 dictionary defined "pretend" as "put[ting] in a claim, ***truly*** or falsely." ECF No. 48 at 23 (emphasis added). But that definition comes only after that dictionary defines "pretend" as "to hold out, as a ***false*** appearance," and to "offer something ***feigned*** instead of that which is real." *Webster's American Dictionary of the English Language* (1860) (emphasis added). These more-primary definitions correspond to the contemporary, common usage of the word "pretend," which universally includes an element of deception. After all, when someone says their child is "pretending" to be sick, we commonly understand that the child simply does not wish to attend school that day. *Cf.* 1 Pa. C.S. § 1903(a) ("Words . . . shall be construed according to . . . their common and approved usage[.]").

6

did not outlaw "pretend[ing]" in the abstract.[7] Instead, it outlawed "pretend[ing]" to tell the future alongside a host of other actions that are also undeniably impossible— such as casting "spells" and granting good or bad "luck," 18 Pa. C.S. § 7104(a)— and which therefore cannot be done "truly," ECF No. 48 at 23. Furthermore, it outlawed such pretending if—but only if—done "for gain or lucre." *Id.* In this context, it is clear that the General Assembly's focus was on preventing deceptive, fraudulent practices. *Cf. Gregg v. Ameriprise Fin., Inc.*, 664 Pa. 567, 581 (2021) (noting that fraud includes a knowingly false statement, and injury to the person who relies on it).

4.    The Pennsylvania Supreme Court regularly "look[s] beyond" the plain language of a statute to save it from being unconstitutional.

If all that were not enough, the Pennsylvania Supreme Court has explicitly stated that it is willing to "***look beyond*** the language of the statute if [its] plain meaning would lead to" unconstitutional results. *Gilbert v. Synagro Cent., LLC*, 634 Pa. 651, 680 (2015) (emphasis added). Indeed, as noted in the Attorney General's Opening Brief, the Pennsylvania Supreme Court (and courts predicting how that

---

[7]    It is also worth noting that the General Assembly did not outlaw, e.g., mere "claiming" to predict the future, etc. If it did, there would be a much more plausible argument that the Fortune-Telling Statute covered non-deceptive conduct. *See* Wester's American Dictionary of the English Language (1860) (defining "claim" as "[t]o assert or maintain").

7

court would rule) have routinely limited and even altered otherwise-explicit and broad text to avoid constitutional difficulty.

In *Commonwealth, Department of Transportation v. McFarren*, 514 Pa. 411 (1987), for example, the Pennsylvania Supreme Court was interpreting a Pennsylvania statute that explicitly allows law enforcement to conduct "one *or more*" chemical tests on Pennsylvania motorists. *Id.* at 414 (quoting 75 Pa. C.S. § 1547(a) (emphasis added)). Noting that a "second [test] . . . would subject an individual to [a constitutionally] unreasonable search[,]" the Court held that the statute permits law enforcement to conduct only a single chemical test absent special circumstances. *Id.* at 418.

And in *Stretton v. Disciplinary Board*, 944 F.2d 137, 144 (3d Cir. 1991), the Third Circuit was interpreting a Pennsylvania law that broadly prohibited judicial candidates from discussing any "disputed legal or political issues." *Id.* at 141 (quoting Canon 7(B)(1)(c) of the Pennsylvania Code of Judicial Conduct). Noting the "constitutional difficulties" of the as-written text—and the "elementary rule . . . that *every* reasonable construction *must* be resorted to[] in order to save a statute from unconstitutionality"—the Third Circuit "predict[ed] that the Supreme Court of Pennsylvania would read [the canon at issue as] refer[ring] only to those issues that are likely to come before the court." *Id.* at 144 (emphasis added).

8

The Attorney General cited and discussed both of these opinions in its briefs to this Court, but the Court appears to have overlooked them (or, at a minimum, did not distinguish them in its opinion).

>   5.   The Fortune Telling Statute is penal, and so the Pennsylvania Supreme Court would interpret it narrowly.

This Court also overlooked the fact that, because the Fortune-Telling Statute is penal, the Pennsylvania Supreme Court would be required to construe it narrowly. 1 Pa. C.S. § 1928(b)(1) (noting that "penal provisions" "shall be strictly construed"). Like the constitutional-avoidance canon, this canon the Court to resolve "[a]ny doubt" about the Fortune-Telling Statute against the imposition of criminal liability. *Com. v. Velez*, 51 A.3d 260, 276 (2012). And this canon is especially important here, in a case involving a vagueness challenge. *See Com. v. Cluck*, 252 Pa. Super. 228, 238 (1977) ("[S]trict construction protects against giving a penal law such breadth of application that it is rendered unconstitutionally vague."). Again, the Court's opinion does not suggest it considered this rule of lenity.

>   6.   The Pennsylvania Supreme Court would give the Attorney General's proffered interpretation of the Fortune Telling Statute "great weight," especially because he will be bound to adhere to that interpretation in future challenges to the Fortune Telling Statute.

The Court also appears to have overlooked the fact that the Attorney General is the "chief law officer of the Commonwealth" of Pennsylvania, Pa. Const. art. IV, § 4.1, and so this Court "must . . . consider [his proffered] limiting construction"

when "evaluating [Rios's] facial challenge to" the Fortune-Telling Statute. *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494 n.5 (1982). Indeed, the Pennsylvania Supreme Court has instructed that the Attorney General's opinion should be given "***great weight***." *McDowell v. Good Chevrolet-Cadillac, Inc.*, 397 Pa. 237, 245 (1959) (emphasis added).

Relatedly, the Court also appears to have overlooked the fact that, "[h]aving adopted the position in litigation that the [Fortune-Telling Statute] is to be interpreted [as prohibiting only fraud], the [Attorney General is] ***barred*** from returning to court and adopting a contrary position." *Stretton*, 944 F.2d at 143 (emphasis added) (citing, *inter alia*, *Associated Hospital Service v. Pustilnik*, 497 Pa. 221, 226–27 (1981)). Notably, this includes ***all*** criminal prosecutions under the Fortune-Telling Statute in which a First Amendment challenge is raised. *See* 71 P.S. § 732-204(c) (noting that the Attorney General "may intervene in any . . . action . . . involving . . . the constitutionality of any statute"). In other words, every time someone charged with a violation of the Fortune-Telling Statute raises a constitutional challenge to that law, the Attorney General, if he or she intervenes, ***must*** take the position that the law prohibits only fraudulent conduct. And when he or she does, that position will need to be given "great weight." *McDowell*, 397 Pa. at 245.

10

## V.     Conclusion

For those reasons, this Court should grant the Attorney General's Motion to

Partially Dismiss the First Amended Complaint, and dismiss Counts II, IV, and V.

Respectfully submitted,

October 30, 2025

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

*/s/ Jacob Frasch*

Office of Attorney General
15th Floor, Strawberry Square
(717) 783-7560
jfrasch@attorneygeneral.gov

Jacob Frasch
Deputy Attorney General
Attorney ID 328362

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Counsel for the Attorney General of
Pennsylvania

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document and all attachments were served on all counsel of record by via this Court's electronic filing system.

*/s/ Jacob Frasch*
Jacob Frasch
