# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REBECCA RIOS,                          :
                                       :
                                       :
         Plaintiff                     :
                                       :    Civil Action No.: 1:24-CV-01399
                                       :
    v.                                 :
                                       :
CHAD E. MARTIN, in his official        :
Capacity as Chief of the Hanover       :
Borough Police Department, and         :
HANOVER BOROUGH,                       :
PENNSYLVANIA,                          :
         Defendants                    :

## DEFENDANT CHAD E. MARTIN, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE HANOVER BOROUGH POLICE DEPARTMENT AND HANOVER BOROUGH'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

AND NOW come Defendants Chad E. Martin, in his official capacity as Chief of the Hanover Borough Police Department ("Defendant Martin") and Hanover Borough (the "Borough") (collectively "Defendants"), by and through their undersigned counsel, Salzmann Hughes, P.C., and file this Answer with Affirmative Defenses to Plaintiff Rebecca Rios's ("Plaintiff") First Amended Complaint:

1.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

1

2.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

3.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

## Jurisdiction and Venue

4.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.

5.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

6.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.

## The Parties

7.    Admitted in part; denied in part.  It is admitted only that, upon information and belief, Plaintiff is a citizen of the United States and operates the Serpent's Key Shoppe & Sanctuary ("The Serpent's Key) in Hanover.  All remaining

allegations constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

8.    Admitted in part; denied in part.  It is admitted only that Defendant Martin is the Chief of the Hanover Borough Police Department.  All remaining allegations constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

9.    Admitted in part; denied in part.  It is admitted only that the Borough is a municipality in York, Pennsylvania with its office located at 44 Frederick Street, Hanover, PA 17331.  All remaining allegations constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

**<u>Factual Allegations</u>**
**Beck uses their small business to serve the community.**

10.    Denied.  After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 10 of the Amended Complaint.  Accordingly, the allegations in Paragraph 10 are specifically denied.

11.    Denied.  After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 11 of the Amended Complaint.  Accordingly, the allegations in Paragraph 11 are specifically denied.

12. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 12 of the Amended Complaint. Accordingly, the allegations in Paragraph 12 are specifically denied.

13. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 13 of the Amended Complaint. Accordingly, the allegations in Paragraph 13 are specifically denied.

14. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 14 of the Amended Complaint. Accordingly, the allegations in Paragraph 14 are specifically denied.

15. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 15 of the Amended Complaint. Accordingly, the allegations in Paragraph 15 are specifically denied.

16. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 16 of the Amended Complaint. Accordingly, the allegations in Paragraph 16 are specifically denied.

17. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 17 of the Amended Complaint. Accordingly, the allegations in Paragraph 17 are specifically denied.

18. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 18 of the Amended Complaint. Accordingly, the allegations in Paragraph 18 are specifically denied.

19. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 19 of the Amended Complaint. Accordingly, the allegations in Paragraph 19 are specifically denied.

20. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 20 of the Amended Complaint. Accordingly, the allegations in Paragraph 20 are specifically denied.

21. Denied. After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 21 of the Amended Complaint. Accordingly, the allegations in Paragraph 21 are specifically denied.

22.    Denied.    After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 22 of the Amended Complaint.  Accordingly, the allegations contained in Paragraph 22 are specifically denied.

23.    Denied.    After reasonable investigation, Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 23 of the Amended Complaint.  Accordingly, the allegations in Paragraph 23 are specifically denied.

24.    Admitted.  Upon information and belief, Plaintiff placed disclaimers throughout the Serpent's Key informing customers that the tarot card readings are for entertainment and enjoyment purposes and should not be used as professional advice.

### Pennsylvania's Fortune Telling Statute

25.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the foregoing allegations concern 18 Pa.C.S § 7104(a) ("the Fortune Telling Statute") which is a written document that speaks for itself.  Accordingly, Defendant specifically denies any mischaracterization of the Fortune Telling Statute.

26.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required,

the foregoing allegations concern the Fortune Telling Statute which is a written document that speaks for itself.  Accordingly, Defendant specifically denies any mischaracterization of the Fortune Telling Statute.

27.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the foregoing allegations concern the Fortune Telling Statute which is a written document that speaks for itself.  Accordingly, Defendant specifically denies any mischaracterization of the Fortune Telling Statute.

28.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

29.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

30.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

31.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

32.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

33.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

34.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

35.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

36.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

37.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

38.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

39.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

40.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  By way of further response, Defendants lack sufficient information to confirm or deny the foregoing allegations. Accordingly, the foregoing allegations are specifically denied.

41.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  By way of further response, Defendants lack sufficient information to confirm or deny the foregoing allegations. Accordingly, the foregoing allegations are specifically denied.

42.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  By way of further response, Defendants

lack sufficient information to confirm or deny the foregoing allegations. Accordingly, the foregoing allegations are specifically denied.

43.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  By way of further response, Defendants lack sufficient information to confirm or deny the foregoing allegations. Accordingly, the foregoing allegations are specifically denied.

## Chief Martin violated Beck's constitutional rights by threatening to enforce the Fortune Telling Statute.

44.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent response is necessary, the allegations are specifically denied.

45.    Admitted in part; denied in part.  It is admitted only that Main Street Hanover published the featured article.  The article is a written document that speaks for itself.  Any mischaracterization of the article is specifically denied.

46.    Admitted in part; denied in part.  It is admitted only that Main Street Hanover published the featured article.  The article is a written document that speaks for itself.  Any mischaracterization of the article is specifically denied.

47.    Denied.  The averments of this Paragraph are specifically denied.

10

48.    Admitted.  By way of further answer, Defendant Martin and another Borough police officer entered Serpent's Key during normal operations to speak with Plaintiff.

49.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

50.    Denied.  The averments of this Paragraph are specifically denied.

51.    Denied.  The averments of this Paragraph are specifically denied.

52.    Denied.  The averments of this Paragraph are specifically denied.

53.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

54.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

55.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

56.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

57.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

58.    Admitted in part; denied in part.  It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

59.    Admitted in part; denied in part.  It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

60.    Admitted in part; denied in part.  It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

61.    Admitted in part; denied in part.  It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel.  These

communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

62.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  Moreover, the Borough has never had and does not now have a policy and/or custom related to the Fortune Telling Statute.

63.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  Moreover, the Borough has never had and does not now have a policy and/or custom related to the Fortune Telling Statute.

64.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the allegations in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

65.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

66. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

67. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied. Upon information and belief, Plaintiff's business, including their tarot card services, has expanded since the October 5, 2023 encounter.

## Injury to Plaintiff

68. Denied. The averments contained in Paragraphs 68(a) through (j) constitute a legal conclusion to which no response is required. To the extent that a response is required, these allegations are specifically denied.

## Causes of Action

### Count I
### 42 U.S.C. § 1983 – First Amendment
### (The Fortune Telling Statute is Unconstitutional in its Application)

69. Defendants incorporate by reference the averments of Paragraphs 1 through 68 of their Answer with Affirmative Defenses to Plaintiff's Amended Complaint as if fully set forth at length herein.

70.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

71.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

72.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

73.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

74.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

75.     Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

76. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

77. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

78. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

79. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

80. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

81. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

82.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

83.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

84.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

85.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

86.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  By way of further response, it is specifically denied that Defendants made any threats regarding the enforcement of the Fortune Telling Statute.  Moreover, the allegations in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel. These communications, however, are documents in writing that speak for

17

themselves. Any mischaracterization of the letters exchanged by counsel is specifically denied.

87. Admitted in part; denied in part. It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves. Any mischaracterization of the letters exchanged by counsel is specifically denied.

88. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves. Any mischaracterization of the letters exchanged by counsel is specifically denied.

89. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves. Any mischaracterization of the letters exchanged by counsel is specifically denied.

90. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required,

18

the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

91.    Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

92.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.   Any mischaracterization of the letters exchanged by counsel is specifically denied.

93.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for

themselves.    Any mischaracterization of the letters exchanged by counsel is specifically denied.

94.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

## Count II
## 42 U.S.C. § 1983 – First Amendment
### (The Fortune Telling Statute is Unconstitutional on its Face)

95.    Defendants incorporate by reference the averments of Paragraphs 1 through 94 of their Answer with Affirmative Defenses to Plaintiff's Amended Complaint as if fully set forth at length herein.

96.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

97.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

98.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

99. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

100. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

101. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

102. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

103. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

104. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

**Count III**
**42 U.S.C. § 1983 – Fourteenth Amendment**
**(The Fortune Telling Statute Violates Beck's Right to Due Process in its Application)**

105.   Defendants incorporate by reference the averments of Paragraphs 1 through 104 of their Answer with Affirmative Defenses to Plaintiff's Amended Complaint as if fully set forth at length herein.

106.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

107.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

108.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

109.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

110.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.  After reasonable investigation, Defendants

lack sufficient information to confirm or deny what Plaintiff conveys to each individual who receives a tarot reading. Accordingly, the allegations in Paragraph 110 are specifically denied.

111. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

112. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

113. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied. It is specifically denied that Defendant Martin threatened Plaintiff.

114. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied. Moreover, the Borough has never had and does not now have a policy and/or custom related to the Fortune Telling Statute.

115. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required,

23

these allegations are specifically denied. Moreover, the Borough has never had and does not now have a policy and/or custom related to the Fortune Telling Statute.

116. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied.

117. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied. Moreover, the Borough has never had and does not now have a policy and/or custom related to the Fortune Telling Statute.

118. Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required. To the extent that a response is required, these allegations are specifically denied. By way of further response, it is specifically denied that Defendants made any threats regarding the enforcement of the Fortune Telling Statute. Moreover, the Borough does not nor at any time material to this cause of action have a policy and/or custom related to the Fortune Telling Statute.

119. Admitted in part; denied in part. It is admitted only that Plaintiff's attorney communicated with the Borough, through its counsel. These communications, however, are documents in writing that speak for themselves. Any mischaracterization of the letters exchanged by counsel is specifically denied.

24

120.    Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

121.    Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

122.    Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

123.    Denied. The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required,

the allegations contained in this paragraph refer to communications between Plaintiff's attorney and the Borough, through its counsel.  These communications, however, are documents in writing that speak for themselves.  Any mischaracterization of the letters exchanged by counsel is specifically denied.

124.  Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

125.  Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

126.  Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

127.  Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

128.  Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

129.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

130.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

131.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

132.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

**Count IV**
**42 U.S.C. § 1983 – Fourteenth Amendment**
**(The Fortune Telling Statute Violates Beck's Right to Due Process on its Face)**

133.    Defendants incorporate by reference the averments of Paragraphs 1 through 132 of their Answer with Affirmative Defenses to Plaintiff's Amended Complaint as if fully set forth at length herein.

134.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

27

135.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

136.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

137.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

138.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

139.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

140.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

141.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

142.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

143.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

**Count V**
**42 U.S.C. § 1983 – First and Fourteenth Amendments**
**(The Fortune Telling Statute is Unconstitutional in its Application)**

144.    Defendants incorporate by reference the averments of Paragraphs 1 through 143 of their Answer with Affirmative Defenses to Plaintiff's Amended Complaint as if fully set forth at length herein.

145.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

146.    Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the foregoing allegations concern the Fortune Telling Statute which is a written

29

document that speaks for itself.  Accordingly, Defendant specifically denies any mischaracterization of the Fortune Telling Statute.

147.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, the foregoing allegations concern the Fortune Telling Statute which is a written document that speaks for itself.  Accordingly, Defendant specifically denies any mischaracterization of the Fortune Telling Statute.

148.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

149.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

150.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

151.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

152.   Denied.  The allegations of this paragraph constitute legal conclusions to which no further response is required.  To the extent that a response is required, these allegations are specifically denied.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice and enter judgment in their favor along with the allowable costs and reasonable attorney's fees associated with this action as may be permitted by law and determined by the Court to be appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

153.   The Fortune Telling Statute is facially constitutional and does not violate Plaintiff's First and Fourteenth Amendment rights.

### Second Affirmative Defense

154.   The Fortune Telling Statute is not and has not been applied in an unconstitutional manner as it relates to Plaintiff.

### Third Affiramtive Defense

155.   Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983, the First Amendment of the United States Constitution, and/or the Fourteenth Amendment of the United States Constitution, and/or any other possible causes of action.

31

## Fourth Affirmative Defense

156.   Plaintiff's Amended Complaint, and each of its counts, fails to allege any facts establishing cognizable claims for declaratory and/or injunctive relief.

## Fifth Affirmative Defense

157.   At no time material hereto was Plaintiff's First and/or Fourteenth Amendment rights violated, nor was Plaintiff deprived of any other rights, privileges or immunity secured by the Constitution and/or laws of the United States.

## Sixth Affirmative Defense

158.   Plaintiff lacks standing to raise their claims, and any and all claims arising out of the alleged October 5, 2023 encounter fail as a matter of law.

## Seventh Affirmative Defense

159.   At no time material hereto did Defendants apply the criminal statutes of the Commonwealth of Pennsylvania in an unconstitutional manner.

## Eighth Affirmative Defense

160.   Defendants have not and do not employ or adopt any custom and/or policy regarding the enforcement of the Fortune Telling Statute.

## Ninth Affirmative Defense

161.   Plaintiff has suffered no constitutional violations that were the result and/or cause of any policy and/or custom of the Defendants.

## Tenth Affirmative Defense

162.  Plaintiff has not been prevented and/or prohibited from engaging in their chosen field of employment as a result of the Fortune Telling Statute.

## Eleventh Affirmative Defense

163.  Plaintiff has not been prevented and/or prohibited from engaging in their chosen field of employment as a result of any custom and/or policy of the Defendants.

## Twelfth Affirmative Defense

164.  Plaintiff's claims may be barred and/or limited by accord and satisfaction, the statute of limitations, and/or the doctrines of waiver and/or estoppel.

## Thirteenth Affirmative Defense

165.  Plaintiffs are not entitled to the recovery of any attorney's fees.

## Fourteenth Affirmative Defense

166.  Any damages sustained by Plaintiff are due to their own actions and/or omissions rather than any of the Defendants' actions.

## Fifteenth Affirmative Defense

167.  Defendants upheld any and all statutory obligations imposed upon them.

## Sixteenth Affirmative Defense

168. No act, action or omission of Defendant was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff and this constitutes a complete defense to the within cause of action.

## Seventeenth Affirmative Defense

169. Plaintiff suffered no damages and/or harm.

## Eighteenth Affirmative Defense

170. Plaintiff's speech was not chilled as the result of the Defendants' actions, customs, or policies.

## Nineteenth Affirmative Defense

171. At no material time hereto did Plaintiff endure a credible threat of prosecution.

## Twentieth Affirmative Defense

172. To the extent applicable, any alleged action taken by the Defendants was supported by probable cause.

## Twenty-first Affirmative Defense

173. Defendants reserve the right to amend this Answer to assert any other affirmative defenses available to him at any time.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, that judgment be entered in its favor and

that it be awarded attorneys' fees, interest, cost of suit and other such relief as may

be permitted in law and determined by the Court to be appropriate.

Respectfully submitted,

**SALZMANN HUGHES, P.C.**

Date: November 3, 2025            By:  */s/ Isaac P. Wakefield*
                                      Isaac P. Wakefield
                                      Attorney ID No. 311909
                                      Salzmann Hughes, P.C.
                                      1801 Market Street, Suite 300
                                      Camp Hill, PA 17011
                                      717.234.6700 Ext. 1309
                                      717.249.7334 (fax)
                                      *Attorney for Defendants Chad E. Martin and Hanover Borough*

35

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of November 2025, the foregoing document was electronically filed with the United States District Court for the Middle District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Isaac P. Wakefield
Isaac P. Wakefield