**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Rebecca Rios, | |
| Plaintiff, | No. 1:24-cv-1399 |
| v. | Judge Jennifer P. Wilson |
| Chat E. Martin, *et al.*, | Electronically Filed Document |
| Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF THE
ATTORNEY GENERAL'S MOTION TO PARTIALLY
DISMISS THE FIRST AMENDED COMPLAINT**

Intervenor the Attorney General of Pennsylvania files this reply brief in further support of his Motion to Partially Dismiss the First Amended Complaint.

1.      The Attorney General's Motion is Not Barred by Rule 12(g)(2).

In the Opposition,[1] Rios relies on Rule 12(g)(2) and *Diehl v. SWN Prod. Co., LLC*, 2022 WL 3371327, at \*8 (M.D. Pa. Aug. 16, 2022), to argue that the Attorney General's Motion is procedurally barred.

---

[1]   Rios attempts to "incorporate[] by reference all law, arguments, and defined terms set forth" in prior briefs. ECF No. 62 at 1 n.1. This is forbidden by Local Rule 7.8(a) ("No brief may incorporate by reference all or any other portion of any other brief."). But if permitted for Rios, the Attorney General likewise incorporates by reference the two briefs he filed in connection with his prior motion—i.e., ECF Nos. 43 & 47.

1

Rios is wrong. Rule 12(g)(2) states that a party may not "make another motion [to dismiss] raising a defense or objection that was available to the party *but omitted* from its earlier motion." (emphasis added). The Attorney General's Motion is not raising a new argument that it "omitted" from its prior motion; instead it is raising the *exact same* argument raised by its prior motion—namely that this Court should interpret the Fortune-Telling Statute as prohibiting only fraud. Of course, that argument was rejected by this Court in its prior opinion. So the Attorney General candidly recognized that its Motion will likely be subject to the law-of-the-case standard of review.

And *Diehl* bears this out. There, a defendant moved to dismiss, *inter alia*, Counts IV & VI of an amended complaint. Some arguments as to Count IV were raised in a previous motion to dismiss, and thus the court considered them under the law-of-the-case doctrine. *Diehl*, 2022 WL 3371327, at *7. The court also rejected defendant's argument as to Count VI—but only after concluding that the defendant was "rais[ing] arguments that could have been raised in its previous motion to dismiss [but] were not." *Id.* at *8.

In any event, if this Court decides that Rule 12(g)(2) bars its Motion, the Attorney General respectfully requests that this Court convert it to a motion for reconsideration. Alternately, the Court can convert it to a motion under Rule 12(c). Rule 12(g)(2), after all, explicitly exempts such motions from its coverage. *See* Rule

12(g)(2) ("Except as provided in Rule (h)(2) . . . "); Rule 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . . may be raised . . . by a motion under Rule 12(c)[.]").

### 2. This Court's duty to "predict" how the Pennsylvania Supreme Court would interpret the Fortune-Telling Statute applies in all cases.

Rios also argues that this Court is required to "predict" how the Pennsylvania Supreme Court would interpret a Pennsylvania statute only in diversity cases.

Rios is wrong. The duty to predict applies in ***all*** cases where the meaning of Pennsylvania law is at issue. Indeed, the Third Circuit has utilized this principle of adjudication when resolving First Amendment challenges to Pennsylvania laws— i.e., in cases just like the one brought here. *See, e.g.*, *Stretton v. Disciplinary Bd. of Supreme Ct. of Pennsylvania*, 944 F.2d 137, 144 (3d Cir. 1991) ("We predict that the Supreme Court of Pennsylvania would read Canon 7(B)(1)(c) to mean that 'disputed legal or political issues' refers only to those issues that are likely to come before the court.").[2]

---

[2] *See also Beto v. Barkley*, 706 F. App'x 761, 768–69 & n.14 (3d Cir. 2017) (plaintiff brought claim for unlawful detention under the Eighth Amendment; Third Circuit rejected that claim after predicting how the Pennsylvania Supreme Court would interpret a Pennsylvania law regarding the jurisdiction of the Pennsylvania Board of Probation and Parole); *Clark v. Twp. of Falls*, 890 F.2d 611, 618 (3d Cir. 1989) (plaintiff brought claim asserting that his demotion violated the Due Process Clause; Third Circuit rejected that claim after predicting how the Pennsylvania Supreme Court would interpret a Pennsylvania law regarding his employment rights); *cf. Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1013 (3d Cir. 1995) (plaintiffs challenged the legality of their arrest; Third Circuit rejected certain plaintiffs' claims

### 3.    The Fortune-Telling Statute does not prohibit Rios from believing in magic.

Rios also disputes the Attorney General's argument that fortune-telling is inherently false. This premise can be rejected out of hand. *See Rogers v. Essex Cnty.*, 429 F. App'x 79, 82 (3d Cir. 2011) (allegations of "paranormal phenomena" are "fantastical, delusional, and simply unbelievable," and thus cannot sustain a claim); *Caiby v. Ferguson*, 788 F. App'x 830, 831 (3d Cir. 2019) (allegations are "clearly baseless" if they are "fanciful, fantastic, and delusional"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Battistone v. Benedetti*, 385 Pa. 163, 168 (1956) (rejecting "explanation[s] which lie[] in the realm of the unknowable and unascertainable" and noting that a "jury [may not] base its verdict on [a] mysterious something which exists only in the misty shadowlands of shrouded mystery and supernatural supposition").

Relatedly, Rios also argues that courts have protected individuals' right to believe what they wish. ECF No. 62 at 14. That may be. But Rios does not dispute that individuals do not have a First Amendment right to commit fraud. But no worry: These two principles can be easily harmonized. A bedrock element of fraud, after all, is a ***knowing*** falsehood. *See Gregg v. Ameriprise Fin., Inc.*, 664 Pa. 567, 646

---

after predicting how the Pennsylvania Supreme Court would apply its tolling doctrine).

4

(2021). If the Court accepts the Attorney General's proffered interpretation of the Fortune-Telling Statute, then that law ***cannot*** be used to prosecute well-meaning psychics—i.e., individuals who actually believe they can foresee the future. Indeed, such harmonization has already been accomplished by Pennsylvania courts. *See Commonwealth v. Blair*, 92 Pa. Super. 169, 171–72 (1927) (reversing religious healer's conviction under Section 7104(a) because the law could not "restrain such religious organizations from putting in practice their beliefs in this regard").

Further, if this Court accepts the Attorney General's proffered interpretation of the Fortune-Telling Statute, then that law likely cannot be used to prosecute Rios. Other bedrock elements of fraud are intent to deceive and justifiable reliance. *See Gregg*, 664 Pa. at 646. Rios allegedly uses "disclaimer signs conspicuously through The Serpent's Key, informing customers that the tarot card readings are for entertainment and enjoyment purposes and should not be used as professional advice." ECF No. 58 ¶ 24. And the Hanover Defendants have admitted the truth of this allegation. ECF No. 61 ¶ 24. Rios's use of those signs likely shows there is no intent to deceive. And customers viewing those signs likely could not reasonably rely on Rios's tarot card readings as perfectly accurate predictions. ***In other words, if the Attorney General is correct, the Hanover Defendants likely cannot prosecute Rios's tarot card reading under the Fortune-Telling Statute***. *Cf. Moore-King v. Cnty. of Chesterfield, Va.*, 708 F.3d 560, 567 (4th Cir. 2013) ("[The plaintiff]

5

contends that she does not deceive her clients, and the record reflects no countervailing evidence to suggest that she does. Aspects of her business are clearly identified as for entertainment purposes, and the 'Terms/Conditions/Disclaimer' section of her website places a number of qualifications on the spiritual and clairvoyant information she purports to provide.").

> 4.    The Attorney General is subsequently bound by its proffered interpretation of the Fortune-Telling Statute, and thus that interpretation should be given great weight.

In the Opening Brief, the Attorney General noted that the Pennsylvania Supreme Court would (and so this Court must) give his proffered interpretation of the Fortune-Telling Statute "great weight." *McDowell v. Good Chevrolet-Cadillac, Inc.*, 397 Pa. 237, 245 (1959).

In the Opposition, Rios attempts to rely on numerous cases to dispute this principle. But none are relevant. For example, Rios cites *Conchatta Inc. v. Miller*, 458 F.3d 258 (3d Cir. 2006). But that case rejected an agency's proffered limiting construction in large part because "it d[id] not bind the enforcement agency which could, at some point in the future, decide to" expand the reach of the challenged statute. *Id.* at 265. As noted in the Opening Brief, "[h]aving adopted the position in litigation that the [Fortune-Telling Statute] is to be interpreted [as prohibiting only fraud], the [Attorney General is] ***barred*** from returning to court and adopting a contrary position." *Stretton*, 944 F.2d at 143 (emphasis added).

6

This principle also disposes of Rios's citation to *United States v. Stevens*, 559 U.S. 460 (2010). As just explained, by proffering the limiting construction, the Attorney General is doing more than making a pinky-promise "to use [the Fortune-Telling Statute] responsibly." *Id.* at 480.

Rios also cites *Ways v. City of Lincoln, Neb.*, 274 F.3d 514 (8th Cir. 2001). But that case rejected a municipality's "claims" about the reach of a statute because the statute was not "readily susceptible to such an interpretation." *Id.* at 519–20. Here, by contrast, the Fortune-Telling Statute can at least reasonably be interpreted as prohibiting only fraud. *See* ECF No. 60 at 4–5.

Rios also cites *Spiritual Psychic Science Church v. City of Azusa*, 703 P.2d 1119 (1985). But in the first place, that case was measuring the challenged law against the California constitution, which is "more definitive and inclusive than the First Amendment." *Id.* at 1129. More importantly, while that court declined to apply a limiting construction, the challenged law contained no words like "pretend" that at least plausibly limited its application to fraudulent conduct. To the contrary, it outright banned the "business or art of . . . fortune telling" in its entirety. *Id.* at 1120. Importantly, that court noted that "[a] law prohibiting fraud in fortunetelling could be written, indeed it exists." *Id.* (citing Cal. Penal Code § 332). That court also noted that the existing "law prohibits unprotected fraudulent fortunetelling while allowing

true believers to practice their art." *Id.* at 1129. As noted above, that precise outcome will obtain here if the Attorney General's limiting construction is adopted.

The remaining cases in Rios's string cite also offer no help. Indeed, in not a single one of them did the state's "chief law officer," Pa. Const. art. IV, § 4.1, argue that the law at issue should be construed as prohibiting *only* fraud. Further, many of those cases draw the exact distinction the Attorney General is drawing here between fraudulent and non-fraudulent fortunetelling. *See Argello v. City of Lincoln*, 143 F.3d 1152, 1153 (8th Cir. 1998) ("[The law] does not require that fortunetellers know that they are conveying false information, or that they have no power of seeing into the future. For all we know, certain persons genuinely believe that they have such powers."); *Rushman v. City of Milwaukee*, 959 F. Supp. 1040, 1044 (E.D. Wis. 1997) ("[The plaintiff may] tell her client to be careful. It may be silly to be careful based upon the position of the stars, but that advice cannot be proven true or false."); *Adams v. City of Alexandria*, 878 F. Supp. 2d 685, 690 (W.D. La. 2012) ("[F]or many people, engaging a fortune-teller could be just for fun—a novelty and a form of entertainment like casino gambling or trying to throw the softball through the rings to win the big bear on the top shelf at the fair."); *Nefedro v. Montgomery Cnty.*, 414 Md. 585, 608 (2010) ("Fortunetelling may be pure entertainment, it may give individuals some insight into the future, or it may be hokum. People who purchase

fortunetelling services may or may not believe in its value. Fortunetellers may sometimes deceive their customers.").

## Conclusion

For those reasons, this Court should grant the Attorney General's Motion to Partially Dismiss the First Amended Complaint, and dismiss Counts II, IV, and V.

Respectfully submitted,

November 24, 2025

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

*/s/ Jacob Frasch*

Office of Attorney General
15th Floor, Strawberry Square
(717) 783-7560
jfrasch@attorneygeneral.gov

Jacob Frasch
Deputy Attorney General
Attorney ID 328362

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

Counsel for the Attorney General of Pennsylvania

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing document and all attachments were served on all

counsel of record by via this Court's electronic filing system.

*/s/ Jacob Frasch*
Jacob Frasch
